F. W. JAEGGLI v. THE STATE.

No. 12212.    Delivered March 20, 1929.

The opinion states the case.

*Wayne Davis* of Cuero, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is knowingly passing as true, a forged instrument; the punishment confinement in the penitentiary for two years.

The first count of the indictment charged forgery and the second count charged that appellant did knowingly pass as true a forged instrument in writing to the First State Bank & Trust Company of Cuero, Texas. On motion of appellant the first count was quashed. Upon conclusion of the testimony appellant requested the court to instruct the jury to return a verdict of not guilty, claiming that there was a variance between the allegation in the indictment as to

the party to whom the instrument was alleged to have been passed and the proof. We think the request should have been sustained. The evidence wholly fails to show that the promissory note in question was passed to the First State Bank & Trust Company of Cuero as alleged in the indictment. Appellant was president of said bank. Mrs. J. W. Thomas was a customer of the bank. She authorized appellant to make loans for her, instructing him that when her account in the bank exceeded a stated amount to loan the excess upon collateral satisfactory to him. Appellant represented Mrs. Thomas in an individual capacity and not as president of the bank. The bank was in no manner interested in making loans for her or in collecting the principal and interest due on such loans. She kept her own box in the vault in the bank where her notes and private papers were placed. She had a key to this box and had access to it. Upon making loans appellant placed the notes in her private box. as her representative he collected in his individual capacity the principal and interest due on said loans and deposited the amounts to her credit in the bank. According to the state's testimony, on the 15th of October, 1922, appellant withdrew $300 from the account of Mrs. Thomas and placed said amount to his individual account. He executed a note in the sum of $300 payable to Mrs. Thomas and signed the name of W. W. Miller and his own name thereto. Miller's signature was unauthorized. He never at any time received the benefit of the $300 or any part thereof and the state's testimony is sufficient to support the conclusion that appellant forged Miller's name to the note and appropriated the proceeds of said note to his own use and benefit. The forged note was placed among Mrs. Thomas's other papers in her box in the bank vault. Later the bank was reorganized and appellant's employment terminated. At the request of Mrs. Thomas the new president of the bank, acting in his individual capacity, sent a renewal note to appellant with the request that he and Miller execute it for the purpose of discharging the note in the sum of $300 above-described. Appellant did not return the renewal note but sent his check covering interest on the old note. This amount was credited on the old note by the president of the bank. The president of the bank delivered the forged note to Mrs. Thomas on the 6th or 7th day of July, 1926, approximately one month after the indictment had been returned. Mrs. Thomas brought suit on the note against Miller and appellant on December 20, 1926. As stated before, the bank had no duties to perform relative to the notes left by Mrs. Thomas in her box in

142

the bank's vault. The testimony reflects the fact that the bank had no interest in the note and that those acting for her relative to the collection of the principal and interest due on said notes acted solely in their individual capacities. After a careful consideration of the evidence, we are unable to find any proof supporting the allegation that the alleged forged note was passed to First State Bank & Trust Company of Cuero.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.